**IN THE CIRCUIT COURT OF THE 19ᵗʰ JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA**

CASE NO.:        562020CA000559AXXXHC

Judge Barbara Bronis

**NANCY ESCOBAR,**

      **Plaintiff,**

**vs.**

**TARGET CORPORATION and
MICHELLE BIESCHKE,**

      **Defendants.**

_____/

## COMPLAINT

      **COMES NOW**, the **Plaintiff**, NANCY ESCOBAR, by and through her undersigned counsel and hereby files this her Complaint for damages against the above-named **Defendants**, TARGET CORPORATION and MICHELLE BIESCHKE, and as grounds therefore would allege:

## JURISDICTION AND PARTIES

1.      This is an action for damages in excess of $30,000.00 exclusive of interest and costs.

2.      All conditions precedent to the bringing of this action have occurred or have been performed.

3.      **Plaintiff**, NANCY ESCOBAR, is a resident of Port St. Lucie, St. Lucie County, Florida, is over the age of eighteen (18), and is otherwise sui juris.

1

**EXHIBIT 2**

4.    At all times material hereto, **Defendant**, TARGET CORPORATION (hereinafter referred to as "TARGET"), operated as a corporation licensed by the State of Florida for the purpose of selling goods to the general public at large throughout Florida including St. Lucie County, Florida.

5.    **Defendant**, MICHELLE BIESCHKE, to **Plaintiff's** information and belief, at all times material hereto, was a manager of **Defendant's** subject store and personally responsible for control of the Target store including the safety, oversight and maintenance of the store's floor, the training, instruction and supervision of employees regarding safety, oversight and management of the store including its floors, is a resident of the state of Florida, over the age of eighteen (18) and is otherwise sui juris.

6.    This cause of action accrued at **Defendant's** said business located at 10720 SW Village Parkway, Port St. Lucie, St. Lucie County, Florida.

## COUNT I
## NEGLIGENCE

7.    **Plaintiff**, NANCY ESCOBAR, adopts and realleges each and every allegation as set forth in paragraph one (1) through six (6) above as though fully rewritten herein.

8.    On or about August 1, 2017, **Plaintiff,** NANCY ESCOBAR, was shopping in **Defendant's** store located in Tradition, Port St. Lucie, FL when she slipped in a foreign substance on the floor thereby causing serious injury to **Plaintiff,** NANCY ESCOBAR.

9.    Said slip and fall incident and said resulting injuries to **Plaintiff,** NANCY ESCOBAR, were caused by the negligence of **Defendant,** TARGET, its employees, agents, and/or servants without any negligence on the part of **Plaintiff,** NANCY ESCOBAR, contributing thereto.

10.   **Defendant,** TARGET, its employees, agents and/or servants owed a duty of reasonable care to **Plaintiff** to protect her from dangerous conditions of which it was on notice of or could have reasonably known of or anticipated and **Defendant's** negligence consisted of the following:

    a.   carelessly and negligently permitting and allowing the foreign substance to collect and remain on its floor for an unreasonable period of time;

    b.   failing to maintain said floor in a safe condition for persons shopping on Defendant's premises;

    c.   failing to properly and adequately inspect, supervise, and oversee the maintenance and cleaning work of its employees as to prevent the foreign substance from remaining on its floor;

    d.   failing to properly warn persons of the condition of the floor and foreign substance that presented a safety hazard, which should have included warning cones, warning tape, warning signage, verbal warning, or other reasonable warning;

    e.   failing to reasonably maintain its premises in a reasonably safe condition for its business invitees by maintaining its floor in a safe and secure manner, which Defendant should have foreseen would give rise to injury; and

    f.   failing to exercise reasonable care in the maintenance, inspection, warning and the running of its business premises, particularly in regard to oversight, maintenance, timely repair, and inspection of the subject store floor.

11.   **Defendant,** TARGET, had actual knowledge of the fact that the foreign substance had been on the floor thereby rendering the floor dangerous to persons utilizing it and that no corrective actions had been taken to remedy the situation and further that no warnings

regarding the foreign substance were given to store customers, yet **Defendant**, TARGET, failed to act to remedy the dangerous situation.

12.     If **Defendant,** TARGET, lacked such actual knowledge, said unsafe condition of the foreign substance on the floor, existed for a sufficient length of time prior to **Plaintiff's** slip and fall, that **Defendant,** in the exercise of due care, could and should have had such knowledge and notice.

13.     **Defendant,** TARGET, was further negligent in the repair, inspecting, warning, cleaning, and maintenance of its in that **Defendant** failed to properly supervise, oversee, train, and instruct its employees in regard to the inspection, cleaning, warning and maintenance of the store's floor.

14.     **Defendant**, TARGET, was further negligent in failing to provide its employees with proper cleaning equipment or supplies, safety equipment, or warning devices for employees to use which would have prevented **Plaintiff**, NANCY ESCOBAR'S, slip and fall from occurring.

15.     As a direct and proximate result of the negligence of **Defendant,** TARGET, **Plaintiff,** NANCY ESCOBAR, has suffered severe bodily injury resulting in pain and suffering, disfigurement and/or scarring, disability, mental anguish, inconvenience, expensive medical care and treatment, diminished earning capacity, loss of capacity for the enjoyment of life, and any aggravation of any previously existing condition.   The injuries to **Plaintiff**, NANCY ESCOBAR, are permanent and within a reasonable degree of medical probability and she will continue to suffer these expenses and losses into the future.

**COUNT II**
**NEGLIGENCE**

16.     **Plaintiff**, NANCY ESCOBAR, adopts and realleges each and every allegation as set forth in paragraph one (1) through fifteen (15) above as though fully rewritten herein.

17.    On or about August 1, 2017, **Plaintiff,** NANCY ESCOBAR, was shopping in **Defendant's** store located in Tradition, Port St. Lucie, FL when she slipped in a foreign substance on the floor thereby causing serious injury to **Plaintiff,** NANCY ESCOBAR.

18.    Said slip and fall incident and said resulting injuries to **Plaintiff,** NANCY ESCOBAR, were caused by the negligence of **Defendant,** MICHELLE BIESCHKE, without any negligence on the part of **Plaintiff,** NANCY ESCOBAR, contributing thereto.

19.    **Defendant**, MICHELLE BIESCHKE, personally actively controlled the subject Target store and owed a duty of reasonable care to **Plaintiff** to protect her from dangerous conditions of which **Defendant** was on notice of or could have reasonably known of or anticipated.

20.    **Defendant,** MICHELLE BIESCHKE'S, direct and personal breach of her duties owed **Plaintiff** consisted of active negligence including the following:

a.    carelessly and negligently permitting and allowing the foreign substance to collect and remain on its floor for an unreasonable period of time;

b.    failing to maintain said floor in a safe condition for persons shopping on Defendant's premises, which would have included regular inspection and cleaning of its floors;

c.    failing to properly and adequately inspect, supervise, and oversee the maintenance and cleaning work of the employees as to prevent the foreign substance from collecting and remaining on its floor for an unsafe length of time;

d.    failing to properly warn persons of the condition of the floor and foreign substance that presented a safety hazard, which should have included barricades, warning cones, warning tape, warning signage, verbal warning, or other reasonable warning;

e.   failing to reasonably maintain its premises in a reasonably safe condition for its business invitees by maintaining its floor in a safe and secure manner free of foreign substances, which Defendant could and should have foreseen would give rise to injury; and

f.   failing to exercise reasonable care in the maintenance, inspection, repair, warning and running its business premises, particularly regarding oversight, cleaning, maintenance, warning and inspection of the subject store floor.

21.   **Defendant,** MICHELLE BIESCHKE, a manager of the subject Target store, personally controlled the subject Target store and had a personal duty to properly oversee, supervise and train the employees, agents, or servants as to maintenance, cleaning, inspecting, repair, instruction and warning of the subject floor yet failed to properly do so.

22.   **Defendant,** MICHELLE BIESCHKE, further had a personal duty to inspect the subject floor, to spot and correct known dangers and also to warn of dangers she was or should have been aware of or anticipated through reasonable care, but breached her duties as set forth in paragraph 20a-f. above, which allowed the foreign substance to remain on its floor thereby posing a serious safety hazard to customers including **Plaintiff**, NANCY ESCOBAR.

23.   **Defendant,** MICHELLE BIESCHKE, had actual knowledge of the fact that a foreign substance had collected on the floor thereby rendering the floor dangerous to customers, that the foreign substance remained on the surface for an unreasonable amount of time, that no corrective actions had been taken to remedy the situation and further that no barricading or warnings regarding the foreign substance were given to store customers, yet despite her knowledge **Defendant** did not in any way act to remedy the dangerous situation presented.

24.   If **Defendant**, MICHELLE BIESCHKE, lacked such actual knowledge, said unsafe condition of the foreign substance on the floor existed for a sufficient length of time prior

to **Plaintiff's** slip and fall that **Defendant** in the exercise of due care could and should have had such knowledge and notice.

25.     **Defendant**, MICHELLE BIESCHKE, was further personally and actively negligent as set forth in paragraph 20a.-f. specifically in the repair, inspecting, warning, cleaning and maintenance operations of the Target store in that Defendant failed to properly supervise, oversee, train and instruct employees under her control and direction in regard to the inspection, cleaning, warning, and maintenance of the store's floors.

26.     **Defendant**, MICHELLE BIESCHKE, further failed to provide the employees under her control and direction with proper cleaning equipment or supplies, safety equipment, or warning devices for employees to use which would have prevented **Plaintiff**, NANCY ESCOBAR'S, slip and fall from occurring.

27.     As a direct and proximate result of the personal, direct and active negligence of **Defendant,** MICHELLE BIESCHKE, and therefore **Defendant**, TARGET CORPORATION, **Plaintiff,** NANCY ESCOBAR, has suffered severe bodily injury resulting in pain and suffering, disfigurement and/or scarring, disability, mental anguish, inconvenience, expensive medical care and treatment, diminished earning capacity, loss of capacity for the enjoyment of life, and any aggravation of any previously existing condition.   The injuries to **Plaintiff**, NANCY ESCOBAR, are permanent and within a reasonable degree of medical probability and she will continue to suffer these expenses and losses into the future.

     **WHEREFORE, Plaintiff**, NANCY ESCOBAR, respectfully prays for judgment in excess of $30,000.00 (Thirty Thousand Dollars) against the **Defendants**, TARGET CORPORATION and MICHELLE BIESCHKE, jointly and severally, with costs incurred herein, a jury trial on all issues triable as of right, and such other relief as this Court deems just and proper.

**DATED** this 6th day of April 2020.

                                             **Respectfully Submitted,**

                                             **CUSHNIE & McMAHON, PL**
Paul P. McMahon, Esquire
Florida Bar No.: 0717185
Attorneys for Plaintiff
543 NW Lake Whitney Place, Ste. 106
Port St. Lucie, FL   34986
772/335-9219
772/335-9368 - Facsimile
serviceppm@cushniemcmahonlaw.com
florence@cushniemcmahonlaw.com

BY:    */s Paul P. McMahon*
                **Paul P. McMahon, Esquire**
                For the Firm